FILED

OCT 21 2015

DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

CRIMINAL NO: 3:15CR125

KENDRICK ECHOLS, a/k/a, "40",
EDWARD MOORE, a/k/a, "Big Boy", "TT"
RODERICK BARNES, a/k/a, "Cuz," "Bubba"
MICHAEL TROTTER

21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 922
18 U.S.C. § 924
18 U.S.C. § 1956

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

**Conspiracy to Distribute Cocaine**
**21 U.S.C. § 846**

Beginning at a date unknown, but on or about January 2015, and continuing until at least September 2015, in the Northern District of Mississippi and elsewhere, the defendants, KENDRICK ECHOLS, a/k/a, "40", EDWARD MOORE, a/k/a, "Big Boy", RODERICK BARNES, a/k/a, "Cuz", and MICHAEL TROTTER did unlawfully, knowingly and intentionally combine, conspire, and agree with each other, and persons both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride (powder cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a), (b)(1)(B) and 846.

### Goal of the Conspiracy

It was the primary purpose and object of the conspiracy to establish a cocaine distribution network, which would obtain and subsequently distribute cocaine in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible. The main task of

this drug trafficking network was to acquire and distribute a continuous supply of cocaine to customers of the network.

## Manner and Means to Accomplish the Conspiracy

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of the conspiracy that KENDRICK ECHOLS, a/k/a, "40", EDWARD MOORE, a/k/a, "Big Boy", RODERICK BARNES, a/k/a, "Cuz", and MICHAEL TROTTER and others, would and did distribute and possess with intent to distribute cocaine into the Northern District of Mississippi and elsewhere, thereby acquiring sums of money.

It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The defendants made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the distribution operation.

It was further part of the conspiracy that co-conspirators would correspond with each other and with other cocaine traffickers in Texas, Tennessee and Mississippi, among other places, to arrange the purchase and shipment of large quantities of cocaine into the Northern District of Mississippi, and elsewhere.

It was further part of the conspiracy that cocaine was prepared, packaged and/or stored, prior to distribution to buyers, in co-conspirators' premises, known as "stash houses." Co-conspirators used these "stash houses" to avoid detection by law enforcement authorities.

It was further part of the conspiracy that co-conspirators transported and distributed cocaine to buyers in the Northern District of Mississippi, and elsewhere.

It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances.

It was a further part of the conspiracy that co-conspirators used telephones, including cell phones, to facilitate their illegal narcotics business; that is by making telephone calls to communicate with each other, with suppliers, and with customers.

### Quantity of Cocaine Involved in the Conspiracy

With respect to KENDRICK ECHOLS, a/k/a, "40", EDWARD MOORE, a/k/a, "Big Boy", RODERICK BARNES, a/k/a, "Cuz", and MICHAEL TROTTER, the amount involved in the conspiracy attributable to these defendants as a result of each defendant's own conduct is an amount in excess of five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

All in violation of Title 21, United States Code, Section 846.

### COUNT TWO

From on or about January 2015, and continuing until at least September 2015, both dates being approximate and inclusive, in the Northern District of Mississippi and elsewhere, defendants, EDWARD MOORE, a/k/a, "Big Boy", RODERICK BARNES, a/k/a, "Cuz", and MICHAEL TROTTER, did unlawfully, knowingly and intentionally combine, conspire, and agree with each other and persons known and unknown to the Grand Jury to commit offenses against the United States, all in violation of Title 18, United States Code, Section 1956, to wit:

To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of a controlled substance, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds

of specified unlawful activity and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, possession with intent to distribute and distribution of cocaine, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## GOAL OF THE CONSPIRACY

As part of this conspiracy, EDWARD MOORE, a/k/a, "Big Boy", RODERICK BARNES, a/k/a, "Cuz", and MICHAEL TROTTER, and others established a cocaine distribution network which would obtain and subsequently distribute cocaine in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible. An object of this conspiracy was to conceal and disguise the source, ownership, and control of the illegal proceeds obtained through drug trafficking.

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of the conspiracy that EDWARD MOORE, a/k/a, "Big Boy", RODERICK BARNES, a/k/a, "Cuz", and MICHAEL TROTTER and others, would and did possess with intent to distribute and distribute cocaine into the Northern District of Mississippi and elsewhere, thereby acquiring sums of money.

It was part of the conspiracy that EDWARD MOORE, a/k/a, "Big Boy", RODERICK BARNES, a/k/a, "Cuz", and MICHAEL TROTTER would and did conduct and attempt to conduct financial transactions. BARNES would direct EDWARD MOORE to pick up proceeds from drug transactions from other coconspirators and store them in his vehicle in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of

4

specified unlawful activity. MOORE would transport the proceeds to a stash location controlled by James Warr. Once the proceeds arrived at Warr's location, the proceeds were then packaged and placed in a hidden compartment in a flat-bed trailer. TROTTER would transport the trailer containing the proceeds to Texas and relinquish the proceeds to the source of supply. This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(h).

This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity all in violation of Title 18, United States Code, Section 1956(h).

## COUNT THREE

On or about February 5, 2015, in the Northern District of Mississippi, the defendant KENDRICK ECHOLS, a/k/a, "40", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine hydrochloride (powder cocaine), a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT FOUR

On or about February 27, 2015, in the Northern District of Mississippi, the defendant KENDRICK ECHOLS, a/k/a, "40", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine hydrochloride (powder cocaine), a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

### COUNT FIVE

On or about April 14, 2015, in the Northern District of Mississippi, the defendant KENDRICK ECHOLS, a/k/a, "40", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of cocaine hydrochloride (powder cocaine), a Schedule II controlled substance as classified by Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

### COUNT SIX

On or about May 12, 2015, in the Northern District of Mississippi, EDWARD MOORE, a/k/a, "Big Boy", defendant, did unlawfully, knowingly and intentionally possess the following firearms, (1) Smith & Wesson Model: SD40VE, .40 caliber, semi-automatic pistol, SN: HFN8840, (2) Smith & Wesson Model: 10-5, .38 Caliber, revolver, SN: C917996, in furtherance of the drug trafficking crimes alleged in Count One of this indictment, that is conspiracy to distribute cocaine, in violation of Title 18, United States Code, Section 924(c)(1)(A).

### COUNT SEVEN

On or about May 12, 2015, in the Northern District of Mississippi, RODERICK BARNES a/k/a "Cuz", defendant, having previously been convicted in a court of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, did unlawfully, knowingly and intentionally possess the following firearms: (1) a Taurus, Model: P111, 9mm semi-automatic pistol, SN: TEU89416, (2) Norinco, Model: SKS, 7.62x39mm semi-automatic rifle, SN: 1613818, which firearms had previously been transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### COUNT EIGHT

On or about May 12, 2015, in the Northern District of Mississippi, RODERICK BARNES a/k/a "Cuz", defendant, did unlawfully, knowingly and intentionally possess the

following firearms: (1) a Taurus, Model: P111, 9mm semi-automatic pistol, SN: TEU89416, (2) Norinco, Model: SKS, 7.62x39mm semi-automatic rifle, SN: 1613818, in furtherance of the drug trafficking crimes alleged in Count One of this indictment, that is conspiracy to distribute cocaine, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Forfeiture Provision

The allegations contained in Counts One and Three through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, the defendants, KENDRICK ECHOLS, a/k/a, "40", EDWARD MOORE, a/k/a, "Big Boy", RODERICK BARNES, a/k/a, "Cuz", and MICHAEL TROTTER shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

Further, the allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants RODERICK BARNES, a/k/a, "Cuz", EDWARD MOORE, a/k/a, "Big Boy" and MICHAEL TROTTER shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

**A TRUE BILL**

**UNITED STATES ATTORNEY**

*/s/ Signature Redacted*
**FOREPERSON**